IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID McCARREN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-359-E ) |
| MICHELLE KING,[1] *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 30th day of January, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

---

[1] Michelle King is substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   Plaintiff proposes several reasons why he believes this matter should be remanded for further administrative proceedings, all of which revolve around his need to use an assistive device to ambulate. He first argues that the residual functional capacity ("RFC") formulated by the Administrative Law Judge ("ALJ") was impermissibly vague because of its failure to define the term "lightweight." He further argues that the RFC is internally inconsistent because of the ALJ's findings regarding his ability to balance and use his hands in light of his use of a cane. The Court finds no merit in these contentions and instead finds that substantial evidence supports the ALJ's RFC determination and her ultimate decision that Plaintiff is not disabled.

In regard to Plaintiff's first argument, the ALJ found Plaintiff to be capable of performing a limited range of light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (R. 19). These regulations provide that "light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." Light work also generally requires the ability to stand and/or walk at least six hours out of an eight-hour day. *See* SSR 83-10, 1983 WL 31251, at *6 (S.S.A. 1983); 20 C.F.R. §§ 404.1567(b), 416.967(b). The ALJ further found that Plaintiff "requires a cane for ambulation but can carry lightweight objects in the other hand from one location to another." (R. 19). Plaintiff asserts that the ALJ left it unclear whether the term "lightweight" was synonymous with the exertional requirements of light work, as set forth in Sections 404.1567(b) and 416.967(b), or whether it "meant that Plaintiff could carry some other undefined amount of weight that is less than 20 pounds." (Doc. No. 10, p. 15). Plaintiff points out that, in finding the opinion that he could not carry 20 pounds in one hand while using a cane expounded by his own vocational expert, Karen R. Starr, to be unpersuasive, the ALJ specified that Plaintiff could only carry "lightweight" objects in his off hand. (R. 12). Plaintiff posits that this distinction shows that the ALJ must have meant something less than the 20 pounds required for light work. The record, however, does not support his contention.

While the ALJ did not separately define the term "lightweight," the vocational expert ("VE") at the administrative hearing clarified his understanding that, despite Plaintiff's need for a cane, he would still need to frequently lift and carry up to 10 pounds and occasionally lift and carry up to 20 pounds to perform the light jobs at issue, but that this could be done pursuant to the hypothetical RFC by use of one hand or by use some sort of cart. (R. 171). Not only did the ALJ not question or disagree with the VE's explanation, she expressly accepted his testimony regarding jobs that would be available to the claimant despite his use of a cane to ambulate. (R. 30). Rather than demonstrating confusion over what the ALJ meant by limiting Plaintiff to carrying lightweight objects in his free hand from one location to another, this shows that the ALJ and the VE had a common understanding of the nature of this limitation. The VE testified that, even with such a limitation, Plaintiff could perform the representative occupations of mail sorter, receiving weigher, and electronics worker. (R. 29, 168-69, 171). Substantial evidence therefore supports the ALJ's finding that Plaintiff could perform these jobs.

Plaintiff next argues that because of his need for a cane to ambulate, the RFC contained internal inconsistencies in regard to his ability to balance and to perform manipulative actions and his ability to perform the relevant jobs. He asserts first that the ALJ limited him to only occasional balancing, which meant that he could engage in the activity up to one third of the day. He suggests that, since balancing is needed to walk and stand, this is inconsistent with the ALJ's tacit finding that he was able to walk and stand frequently by virtue of being able to perform light work. However, the governing law does not support a finding that "balancing," as the term is used in these circumstances, is coextensive with walking and standing. For instance, Social Security Ruling 85-15 clearly provides that limitations on the ability to balance may have little if any impact on the ability to perform many jobs that by definition require frequent walking and standing. *See* SSR 85-15, 1985 WL 56857, at *6 (S.S.A. 1985). Indeed, nowhere in the regulations is it suggested that the ability to balance is a prerequisite to the ability to stand and walk; it is clearly referring to a different activity.

Acknowledging this possibility, Plaintiff raises an alternative argument, citing the *Selected Characteristics of Occupations*, which provides that balancing includes "[m]aintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces; or maintaining body equilibrium when performing gymnastic feats." *Id.* at App. C, C-3. Plaintiff argues that, pursuant to this definition, the ALJ's finding would literally mean that he could perform gymnastic feats for up to one third of the day despite his need for a cane, which he claims is obviously unsupportable. Nonetheless, while the suggestion that the ability to occasionally balance necessarily implies the ability to regularly engage in gymnastics or run on slippery cliffs is certainly a dubious and strained contention, that issue need not be decided here. As Defendant points out, none of the jobs that the ALJ, based on the VE's testimony, found that Plaintiff could perform involved or required any balancing. Accordingly, even if the Court were to find some error in regard to the ALJ's finding that Plaintiff could occasionally balance, any such error would be harmless, and remand is unwarranted. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005).

Plaintiff's argument that his need for a cane to ambulate required the inclusion of some manipulative restrictions in the RFC fares no better. It is important to acknowledge that the ALJ "erred on the side of including the need for a cane" despite the fact that Plaintiff had only used a cane for a few months following surgery. (R. 24, 28). As such, the inclusion of this restriction should not be too broadly construed on this record. Plaintiff merely suggests a theoretical limitation in his ability to handle and finger because of the ambulatory device; he points to no medical evidence supporting such a finding. Indeed, none of the medical opinions suggested any significant manipulative limitations, nor does the record contain any objective medical evidence to support such a finding. Moreover, Plaintiff himself did not testify to any such limitations and the issue was not raised at the hearing.

Accordingly, the Court finds and concludes that the ALJ applied the correct legal standards and that substantial evidence supports her decision. It will therefore affirm that decision.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED as set forth herein.

s/Mark R. Hornak
United States District Judge

ecf:		Counsel of record